UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

REGINALD JORDAN, DIN 06A0101          X
                    Plaintiff,

   - against -                        X **COMPLAINT**

CORRECTION SERGEANT, DILL,
CORRECTION OFFICER, K. MAU,           X CIVIL ACTION NO. 15 CV 6390
CORRECTION OFFICER, S. SHABB,
CORRECTION OFFICER, RUSINEK,          X
CORRECTION OFFICER, SARKIS,
CORRECTION OFFICER, SANNY,            X
                    Defendants

_____X

## JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation under color of state law of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Sections 1331 and 1343 (A)(3).

2. The WESTERN DISTRICT is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events given rise to this claim occurred.

## PLAINTIFF

3. Plaintiff, REGINALD JORDAN is and was at all times mentioned herein an inmate incarcerated at Attica Correctional Facility; in the state of NEW YORK Department of Corrections and Community Supervision. Plaintiff currently Resides in Southport Corr. Fac., PINE CITY, NEW YORK, In the County of Chemung.

DEFENDANTS

4. Defendant DILL, is a Correction Sergeant of the NEW YORK State Department of Corrections and Community Supervision who at all times mentioned in this complaint, held the rank of Correction Sergeant and was assigned to ATTica Correctional facility.

5. Defendant, K.MAU is a Correction officer of the NEW YORK State Department of Corrections and Community Supervision who at all times mentioned in this complaint, held the rank of Correction officer and was assigned to ATTica Correctional facility.

6. Defendant, S.SWABB, is a Correction officer of the NEW YORK State Department of Corrections and Community Supervision who at all times mentioned in this Complaint, held the rank of Correction officer and was assigned to Attica Correctional facility.

7. Defendant, BUSINEK, is a Correction officer of the NEW YORK State Department of Corrections and Community Supervision who at all times mentioned in this complaint, held the rank of Correction officer and was assigned to ATTica Correctional facility.

8. Defendant, SARKIS is a Correction officer of the NEW YORK State Department of Corrections and Community Supervision who at all times mentioned in this complaint, held the rank of Correction officer and was assigned to ATTica Correctional facility.

9. Defendant, SANNY, is a Correction officer of the NEW YORK State Department of Corrections and Community Supervision who at all times mentioned in this complaint, held the rank of Correction officer and was assigned to ATTica Correctional facility.

FACTS

10. ON April 8th 2015, The plaintiff was returning along with his gallery to B-Block from B-Block messhall at approximately 8:30 A.M. The plaintiff was asked to stop looking outside the corridor window by Defendant K. MAU the escorting officer; at which time plaintiff complied, Thereafter he was ordered to the rear of the line.

11. Arriving in the B2 Lobby corridor, Defendants, S. Swabb, Rusinek, Sarkis, and, Sanny were all standing around talking. Defendant K. MAU asked plaintiff to step from the line and proceed to the wall. He was told to place his hands on the wall above his head and to spread his legs wide. The other inmates were ordered to the gallery where they were told to lock in. Defendant K. MAU stepped behind the plaintiff and stated " You know what happens when I order someone to the rear of the line; don't you?"
    The plaintiff inquired " WHAt happened?"
Defendant Rusinek who stood to the left side of plaintiff said " That's not What the f..k he asked you!"

12. When plaintiff answered " he did not know what happens" He was ordered to hand over his identification Card. The second he removed his hand from the wall to retrieve his identification card from his pocket. Without any provocation Defendant K. MAU struck the plaintiff with a closed fist to the right side of his eye.

13. Defendant Rusinek yelled out loud " Stop assaulting staff" after punching the plaintiff with a closed fist to the left side of his face.

14. The plaintiff screamed in pain " He never assaulted staff"

15. Handcuffs was placed on the plaintiff. He was thereafter Knocked to the floor forcefully by defendant Sarkis, and, S. Swabb.

16. Defendant Sartris kicked plaintiff in the forehead several times while yelling "you're gonna learn who runs Attica!"

17. Defendant S. Swabb begain to forcefully strike plaintiff with a baten several times to his upper body area, while on the floor in handcuffs already bleeding from the punching to the face.

18. Defendant Sanny knelt down and thereafter grabbed the plaintiff by the handcuffs, and left hand and begain slamming his face into the floor with floor causing cut on left wrist area, and torn ligaments in left ring finger.

19. While defendant Sanny slammed the plaintiffs face into the floor. Defendant Rusinek continued to strike plaintiff with close fist to the left side of face.

20. Plaintiff continue to scream in pain. He was told to "Shut the f..ck up; or he'll never go home.

21. Defendant Dill was ultimately observed standing by watching, when suddenly he ordered his subordinates to lift the plaintiff to his feet. Defendant Dill asked plaintiff "Do you know who run this jail"?

22. Plaintiff acknowledge defendant Dill with a headnod.

23. Defendant Dill stated "You haven't learned yet," and there after told his officers," You all got five minutes to teach him?"

24. Defendant K. May grabbed plaintiff by the neck and forcefully pushed his face into the wall several times; causing the plaintiffs upper right tooth to be chipped.

25. While on the wall still in handcuffs to the rear, the plaintiff was struck several times with batons to his upper shoulder area and lower back, and rib cage area.

26. Defendant Dill ordered his officers to cease and then asked plaintiff if he now know who runs Attica?

27. Through tears and fear for his life from further assault and possible death. The plaintiff stated "yes".

28. Defendant Dill - The supervisor stated "You learn pretty quick." He then told plaintiff when he see medical he's gonna say he had an altercation on the gallery with another inmate.

29. At that moment, Plaintiff agreed to prevent being assaulted again.

30. Once in Special Housing unit, and seen by medical who inquired how did plaintiff sustain his injuries? Since there were cameras in the area, Plaintiff told medical staff he was assaulted by officers.

31. Photographs were taken and plaintiff was thereafter processed into Special Housing unit and further assigned a new cell location, RB-CE-15.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

32. Plaintiff REGINALD JORDAN filed a grievance at the facility on April 13, 2015. He recieved a reply to his grievance on April 30, 2015 denying his grievance and its accusations. On May 1, 2015, The plaintiff appealed the decision to central office Review Committee via Inmate Grievance Resolution Committee at the Attica Correctional facility. Central office Review Committee being the final level of the grievance process thus satisfying the exhaustion of administration remedy requirement.

## LEGAL CLAIMS

33. Plaintiff reallege and incorporate by reference paragraphs 1-32.

34. Defendants, K. MAU; S. SHabb, Rusinek; Sarkis; and, Sanny used excessive force against Plaintiff Jordan by punching, kicking, striking him with batons; slamming his face into the floor and slamming his face into the wall when Plaintiff Jordan was not violating any prison rule, and was not acting disruptively. Defendants, K. MAU, S.Wabb, Rusinek, Sarkis, and, Sanny actions violated Plaintiff Jordan rights under the Eight Amendment to the United States Constitution, and caused Plaintiff Jordan pain, suffering, physical injury, and mental and emotional distress.

35. By witnessing Defendants K. MAU; S.Wabb; Rusinek; Sarkis; and Sanny's illegal actions; failing to interject and correct their misconduct; failing to protect Plaintiff from being assaulted while he was in handcuffs and further encouraging the continuance of an assault by telling his subordinates they have five minutes to teach plaintiff who runs Attica Correctional facility, Defendant Dill-a supervisor at the time of assault on plaintiff violated the plaintiffs rights under the Eight Amendment of THE United States Constitution by failing to protect from being assaulted and by further just standing by allowing his subordinates assault plaintiff; Thus causing him pain, suffering, physical injury, and, mental, and emotional distress.

36. Plaintiff Jordan has no plain, adequate or complete remedy of law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured as a ██████ result of the unnecessary infliction of pain caused by the conduct of the defendants.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Respectfully PRAY that this Court Enter Judgement:

37. A preliminary and permanent injunction ordering defendants K. MAU, S. SWabb, Rusinek, Sarkis, and Sanny, to cease their physical violence against inmates.

38. A preliminary and permanent injunction ordering defendant Dill to cease allowing his subordinates to assault prisoners.

39. Granting Plaintiff Jordan Compensatory damages in the amount of $ 50,000 against each defendant, jointly and severally.

40. Granting Plaintiff Jordan punitive damages in the amount of $ 50,000. Plaintiff seeks these damages against each defendant, jointly and severally.

41. Plaintiff also seeks a jury trial on all issues triable by jury.

42. Plaintiff seeks attorney fees for the work an attorney assigned to do by the Court will be compensated for doing, and

43. Any additional relief this Court deems just, proper and equitable.

Dated: ___ 6/24/15 ___
South Port, Pine City, NEW YORK

Respectfully,
Reginald Jordan
Reginald Jordan, DIN 06A0101
South Port Correctional Facility
P.O. Box 2000
PINE CITY, NEW YORK 14871-2000

# VERIFICATION

I have read the foregoing Complaint and hereby verify
that the matters alleged herein are true and accurate.
I Certify under penalty of perjury that the foregoing is
true and Correct.

DATED: 6/24/2015
South Port, PINE CITY, NEW YORK


Reginald Jordan
Reginald Jordan, DIN 06A0101


SWORN TO BEFORE ME ON THIS
24th day of June 2015

NOTARY PUBLIC

Edgar J. Morales
Notary Public, State of New York
Tioga County, No. 01MO6296047
Commission Expires January 21, 2018